**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH RAIMONDO and JANET
RAIMONDO,

                                   Case No. 01-CV-71353-DT

      Plaintiffs,

                                   HONORABLE DENISE PAGE HOOD

v.

VILLAGE OF ARMADA, et al.,

      Defendants.

_____/

**ORDER GRANTING DEFENDANT DELECKE WELDING INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

I.     **BACKGROUND**

On September 30, 2003, the Court entered a 92-page Memorandum Opinion and Order dismissing various Defendants.  The Court entered a second Memorandum Opinion and Order on September 27, 2004 dismissing the remaining Defendants, except for Defendant Delecke Welding, Inc. which, at that time, had yet to file a dispositive motion.  Defendant Delecke Welding has now filed a dispositive motion.  Plaintiffs did not file a response to the motion.  Plaintiff Joseph Raimondo did appear at the hearing and was allowed to present oral argument on September 13, 2005.

Plaintiffs' July 24, 2002 Amended Consolidated Complaint alleges: Count 1, Civil Rights Violation under 42 U.S.C. § 1983; Count 2, Conspiracy, 42 U.S.C. § 1985(3); Count 3, RICO, 18 U.S.C. §§ 1961-1968 Violations; Count 4, Unnecessary Hardship in Zoning; Count 5, Tortious Interference with Business (Defendant Lemieux only); Count 6, Intentional Infliction of Emotional Distress; Count 7, Negligent Infliction of Emotional Distress; Count 8, Libel; Count 9, Slander

Malice; Count 10, False Arrest; Count 11, Malicious Prosecution; Count 12, Abuse of Process;

Count 13, Actionable Tort; Count 14, Bad Faith (Defendant Farver only); Count 15, Breach of Trust;

Count 16, Breach of Duty; and Count 17, Direct Cause.

The claims in Plaintiffs' Amended Complaint arise out of an action taken by the Village of Armada involving an easement across Plaintiffs' property in 1995 and an administrative raid on Plaintiffs' property on April 6, 1998. Plaintiffs' property is located in both the Township of Armada as well as the Village of Armada. Plaintiffs generally allege that the Village of Armada extorted their land in 2001 through acts of the Village Council and Planning Commission who voted to approve a master plan which included the purchase of, or access to, Plaintiffs' property located both in the Village of Armada and Township of Armada.

## II.   ANALYSIS

### A.   Standard

Rule 12(b)(6) of the Rules of Civil Procedures provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). In evaluating the propriety of dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true. *Janan v. Trammell*, 785 F.2d 557, 558 (6th Cir. 1986). If matters outside the pleading are presented in a Rule 12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and disposed of as provided in Rule 56.

Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law."  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.  *Anderson,* 477 U.S. at 248.

**B.     Delecke Welding's Motion**

Delecke Welding seeks to dismiss all counts against it.  The Court in its previous opinions, extensively discussed the various counts and applicable law.  The Court incorporates its reasoning in those opinions into this motion.  For the reasons set forth in those opinions and below, the claims against Delecke Welding are dismissed.

Count I, an alleged violation of 42 U.S.C. § 1983, must be dismissed because Defendant Delecke Welding is not a state actor.  "To successfully state a claim under 42 U.S.C. § 1983, a Plaintiff must identify a right secured by the United States Constitution and the deprivation of that

3

right by a person acting under color of state law." *Russo v. City of Cincinnati,* 953 F.2d 1036 (6th Cir. 1992). The following requirements must be met: (1) the conduct at issue must have been under color of state law; (2) the conduct must have caused a deprivation of constitutional rights; and (3) the deprivation must have occurred without due process of law. *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor,* 490 U.S. 386, 393-394 (1989); *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). Plaintiffs have not shown that Defendant Delecke Welding is a state actor or was acting under color of state law. Defendant Delecke Welding is not a governmental entity.

The Court dismissed Count 2 (Conspiracy, 42 U.S.C. § 1985(3)) against the other Defendants in its previous opinion because Plaintiffs are unable to show class-based animus required under 42 U.S.C. § 1985(3). (9/30/03 Memorandum Opinion and Order, pp. 17-18) Count 2 as alleged against Defendant Delecke Welding must also be dismissed because Plaintiffs have alleged no facts to support class-based animus.

The RICO claim in Count 3, 18 U.S.C. §§ 1961-1968, is dismissed against Defendant Delecke Welding because Plaintiffs have failed to adequately plead the existence of the distinct element of an enterprise required under a RICO claim. (9/30/03 Memorandum Opinion and Order, pp. 18-19)

Count 4, Unnecessary Hardship in Zoning, must be dismissed. As this Court noted in its September 30, 2003 Memorandum Opinion and Order, unnecessary hardship in zoning is not a distinct state law cause of action. M.C.L. § 125.293 only allows for appeals from zoning decisions

4

by local zoning boards. This Court ruled that Plaintiffs have not shown that this Court has authority to review any decisions by local zoning boards nor have they shown that Plaintiffs appealed the local zoning board's decision to the local zoning appeal board and, thereafter, to the Michigan state court system. (9/30/03 Memorandum Opinion and Order, pp. 59-60)

The Tortious Interference with Business claim, Count V, must be dismissed because Plaintiffs have failed to allege sufficient facts to support all the elements of this claim. To establish a claim for tortious interference of a business relationship in Michigan, a plaintiff must show: 1) the existence of a valid business relationship or expectancy; 2) knowledge of the relationship or expectancy on the part of the defendant; 3) intentionally causing or inducing a breach or termination of the relationship or expectancy; and 4) resultant actual damage. *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan,* 217 Mich. App. 687, 698-99 (1997)(emphasis added). As this Court previously found, viewing the evidence most favorable to Plaintiffs, they have met the first, second and fourth elements. Plaintiffs have shown that they had a valid business relationship with their customers regarding their automobile body repair and classic car restoration business. The Village of Armada Defendants had knowledge of the relationship between Plaintiffs and their customers. There is no dispute that after the raid and zoning changes, Plaintiffs lost their business. However, as to the third element, a plaintiff is required to allege that a defendant acted with malice and the actions were unjustified in law for the purpose of invading the contractual rights or business relationship of another. *Feldman v. Green,* 138 Mich. App. 360 (1984). Plaintiffs have not shown that Defendant Delecke acted with malice or in any unlawful manner. Plaintiffs are unable to meet the third element and Plaintiffs' Tortious Interference with a Business Relationship, Count 5, must be dismissed.

5

Count 6, Intentional Infliction of Emotional Distress, must be dismissed because Plaintiffs were unable to show that Defendant Delecke Welding's actions were unlawful.  (9/30/03 Memorandum Opinion and Order, pp. 21-22)

The Negligent Infliction of Emotional Distress claim, Count 7, must be dismissed because Plaintiffs failed to show that they witnessed a negligent injury to a third person and that they suffered mental disturbance as a result of what they witnessed. (9/30/03 Memorandum Opinion and Order, p. 22)

The Libel claim in Count 8 and the Slander/Malice claim in Count 9 must be dismissed.  The memo at issue was not published by Defendant Delecke Welding but allegedly by Defendant Macomb County. (9/30/03 Memorandum Opinion and Order, pp. 22-23) Plaintiff Joseph Raimondo admitted at his deposition that he does not have any facts to support his claim of Libel or Slander/Malice against Defendant Delecke Welding. (Ex. 3, Defendant Delecke Welding's Motion)

Plaintiffs did not allege claims found in Counts 10 (false arrest), 11 (malicious prosecution), and Count 12 (abuse of process) against Defendant Delecke Welding.  To the extent these counts can be read to allege claims against Defendant Delecke Welding, Plaintiffs have failed to show that Defendant Delecke Welding was involved in the raid on Plaintiffs' property, the basis of the claims set forth in Counts 10, 11 and 12.  These counts must be dismissed against Defendant Delecke Welding.

Counts 13 (Actionable Tort), 14 (Bad Faith), 15 (Breach of Trust), 16 (Breach of Duty) and 17 (Direct Cause),  must be dismissed based on this Court's previous ruling that there are no such actions in Michigan.  (9/30/03 Memorandum Opinion and Opinion, pp. 24-26)

For the reasons set forth above and in this Court's September 30, 2003 and September 27,

2004 Memorandum Opinions and Orders, the claims against Defendant Delecke Welding must be dismissed.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Delecke Welding Inc.,'s Motion to Dismiss or for Summary Judgment **(Docket No. 282, filed August 16, 2005)** is GRANTED.

IT IS ORDERED that the Complaint is DISMISSED with prejudice.


_/s/ DENISE PAGE HOOD_____
DENISE PAGE HOOD
United States District Judge

DATED: March 24, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2006, by electronic and/or ordinary mail.

s/William F. Lewis_____
Case Manager