## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOSEPH RAIMONDO and**
**JANET RAIMONDO,**

     **Plaintiffs,**

                          **Case No. 01-71353**

**v.**

                          **Hon. Denise Page Hood**

**VILLAGE OF ARMADA, et al.,**

     **Defendants.**

_____/

## ORDER DENYING MOTION TO AMEND AND RECONSIDER UNDER FED. R. CIV. P. 59(e) (ECF No. 306)

On August 19, 2022, the Court entered an Order Denying Motion to Invalidate Finality of Judgments. (ECF No. 305). On September 14, 2022, Plaintiffs filed a Motion to Amend and Reconsider under Fed. R. Civ. P. 59(e). (ECF No. 306). As this Court has previously noted, on September 30, 2003, the Court entered Opinions and Orders granting various motions to dismiss and for summary judgment filed by the many Defendants in this case and other related cases. (See ECF Nos. 236, 238) The Sixth Circuit Court of Appeals affirmed the Court's Judgment on July 30, 2007, with the Mandate issued on August 27, 2007. (ECF Nos. 294, 295)

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any

motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice.  *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds that Plaintiffs' motion merely presents the same arguments and issues previously ruled upon by the Court, either expressly or by reasonable implication.  In its August 19, 2022 Order, the Court denied Plaintiffs' petition to file a Rule 60(b) motion, finding that Plaintiffs have not presented facts from the record supporting allegations that there was fraud upon the court.  (ECF No. 305, PageID.2331)  The Court ruled it would not reconsider its prior rulings dismissing the cases filed by Plaintiffs.  Plaintiffs have not shown the Court clearly erred in denying Plaintiffs' Petition to Bring a Motion under Rule 60(b).

Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Amend and Reconsider Final Judgment **(ECF No. 306)** is DENIED.

*s/Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: February 8, 2023